UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ThermoLife International, LLC, an Arizona limited liability company<br><br>Plaintiffs<br><br>vs.<br><br>Gaspari Nutrition, Inc., a New Jersey Corporation<br><br>Defendants. | Case No:<br><br>U.S. District Court for the District of Arizona Case No. 2:11-cv-01056-NVW<br><br>AFFIDAVIT OF GREGORY COLLINS IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM* IN ACCORDANCE WITH LOCAL CIVIL RULE 37.1(b)(1) |

**GREGORY B. COLLINS**, of full age, hereby states under oath and penalty of perjury as follows:

1. I am a member of the law firm of Kercsmar & Feltus PLLC.

2. Kercsmar and Feltus PLLC is representing ThermoLife International, LLC ("ThermoLife") in the litigation currently pending against Gaspari Nutrition, Inc. in the United States District Court for the District of Arizona (Case No. 2:11-cv-01056-NVW) ("Underlying Action").

3. In the Underlying Action, Gaspari Nutrition, Inc. is represented by attorneys Gregory M. Krakau, Robert J. Itri, and Flynn P. Carey.

4. On February 12, 2013, in connection with the Underlying Action, ThermoLife served a subpoena *duces tecum* on non-party Command Nutritionals ("Subpoena"). A true and

350639.1

correct copy of the subpoena packet served on Command Nutritionals is attached as Exhibit A.

5. The Subpoena was issued by the United States District Court for the District of New Jersey. *See* Ex. A.

6. The Subpoena required Command Nutritionals to produce certain documents by February 28, 2013 at 10:00 a.m. to Ameriserve, LLC in Brick, New Jersey. *See* Ex. A.

7. The cover letter to the Subpoena stated that, in the alternative, Command Nutritionals could mail the responsive documents directly to Kercsmar & Feltus's office in Arizona on or before February 28, 2013. *See* Ex. A.

8. On February 25, 2013, Kercsmar & Feltus received a Proof of Service from its process server indicating that Command Nutritionals was served with the Subpoena on February 13, 2013. A true and correct copy of the Proof of Service is attached as Exhibit B.

9. The Proof of Service designates that service of the Subpoena was accepted by Scott Eidion at Command Nutritionals' address in Fairfield, New Jersey on February 13, 2013. *See* Ex. B.

10. On February 28, 2013, the deadline for Command Nutritionals to respond to the Subpoena, I received an email from attorney Gregory Krakau stating that he would be representing Command Nutritionals "with respect to the supboena [sic] served on them in the ThermoLife International v. Gaspari Nutrition case." A true and correct copy of the February 28, 2013 email is attached as Exhibit C.

11. Mr. Krakau went on to state that Command Nutritionals' compliance with the subpoena would require Command Nutritionals to incur copying costs in excess of $250.00. *See* Ex. C.

12. Mr. Krakau inquired whether ThermoLife would be willing to accept a

representative sample of the most voluminous category of documents—Command's batch production records. *See* Ex. C.

13. Mr. Krakau also acknowledged Command Nutritionals' deadline of February 28, 2013 to produce all responsive documents and requested a 10-day extension to produce the records (including the representative sample of batch production records). *See* Ex. C.

14. By letter dated March 5, 2013, I informed Mr. Krakau that ThermoLife would agree to accept a representative sample of Command Nutritionals' batch production records and would extend Command Nutritionals' deadline to respond to the subpoena until March 11, 2013 at 5:00 p.m. A true and correct copy of my March 5, 2013 letter is attached as Exhibit D.

15. I further informed Mr. Krakau that, to the extent Command Nutritionals' copying costs exceeded $250.00, ThermoLife would reimburse these expenses upon receipt of an invoice. *See* Ex. D.

16. Kercsmar & Feltus did not receive any documents from Command Nutritionals on or before March 11, 2013.

17. On the morning of March 12, 2013, I emailed Mr. Krakau to inquire about the status of Command Nutritionals' production. A true and correct copy of my March 12, 2013 email is attached as Exhibit E.

18. That afternoon, I received an email from Mr. Krakau stating that he had "attempted to obtain the documents from Command Nutritionals" but Command Nutritionals' principal was leaving for a vacation, to return March 25, 2013. Mr. Krakau stated that he was informed that only this individual could assist with Command Nutritionals' production and that he believed a "realistic production date is April 8, 2013." A true and correct copy of Mr. Krakau's March 12, 2013 email is attached as Exhibit F.

19. Kercsmar & Feltus did not receive any documents from Command Nutritionals on or before April 8, 2013.

20. On April 11, 2013, I emailed Mr. Krakau to inquire about the status of Command Nutritionals' production. A true and correct copy of my April 11, 2013 email is attached as Exhibit G.

21. I did not receive any response to my April 11, 2013 email.

22. On April 18, 2013, I emailed Mr. Krakau to inform him that it was well past Command Nutritionals' deadline to produce responsive documents, and if Kercsmar & Feltus did not receive documents from Command Nutritionals by April 23, 2013, ThermoLife would file a motion to compel production. A true and correct copy of my April 18, 2013 email is attached as Exhibit H.

23. I did not receive any response to my April 18, 2013 email.

24. Kercsmar & Feltus did not receive any documents from Command Nutritionals on or before April 23, 2013.

25. On May 8, 2013, Mr. Krakau informed me that his firm was no longer representing Command Nutritionals.

26. As of the date of this Affidavit, neither I nor anyone else at Kercsmar & Feltus has been contacted by any individual (other than Mr. Krakau) claiming to represent Command Nutritionals.

27. As of the date of this Affidavit, Kercsmar & Feltus has not received any documents from Command Nutritionals.

28. As set forth in this Affidavit, I have conferred with Command Nutritionals, through its counsel, in a good faith effort to resolve the issues raised in ThermoLife's Motion

to Compel without the intervention of the Court. To date, ThermoLife and Command Nutritionals have been unable to reach an agreement to resolve this matter.

**FURTHER AFFIANT SAYETH NAUGHT**

Dated: May 16, 2013

_____
Gregory Collins

Sworn to me and subscribed in my presence on this 16th day of May, 2013.

_____
Notary Public

OFFICIAL SEAL
KELLI DUNLAP
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 31, 2014

350639.1